**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                    No. 96-4058

TONY OSIAS,
Defendant-Appellant.

Appeal from the United States District Court
for the Western District of North Carolina, at Charlotte.
Richard L. Voorhees, Chief District Judge.
(CR-94-40-V)

Submitted: December 12, 1996

Decided: December 24, 1996

Before MURNAGHAN, NIEMEYER, and LUTTIG,
Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

George V. Laughrun, II, GOODMAN, CARR, NIXON, LAUGH-
RUN & LEVINE, P.A., Charlotte, North Carolina, for Appellant.
Mark T. Calloway, United States Attorney, Gretchen C.F. Shappert,
Assistant United States Attorney, Charlotte, North Carolina, for
Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Tony Osias appeals from the sentence imposed by the district court his plea of guilty to involvement in a crack cocaine conspiracy in violation of 21 U.S.C. § 846 (1994). We affirm.

In his plea agreement Osias waived his right to appeal except for claims of ineffective assistance of counsel or prosecutorial misconduct. This waiver was discussed at the Fed. R. Crim. P. 11 colloquy and is therefore valid and fully enforceable. United States v. Broughton-Jones, 71 F.3d 1143, 1146 (4th Cir. 1995). Of the claims Osias raised on appeal, only one is reviewable under the waiver provision. Osias alludes to prosecutorial misconduct in his claim that the trial court erred in not applying the safety valve provision of the United States Sentencing Commission, Guidelines Manual, § 5C1.2 (Nov. 1994). Osias claims that the prosecutor breached a stipulation in the plea agreement that there would be no enhancements to the base offense level and that this stipulation precluded the Government from arguing that Osias was a "leader/organizer" in the conspiracy for the purpose of denying him the benefit of § 5C1.2. This claim is without merit because there was no stipulation but rather an agreement to not recommend further enhancements. Further, § 5C1.2 does not involve enhancements and the Government did not argue for any enhancements. As for Osias's other claims, he has waived the right to appeal. Broughton-Jones, 71 F.3d at 1146. Accordingly, we deny Osias's motion to file a pro se supplemental brief and reply brief and the Government's motion to file a response, and we affirm.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

2